IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CLARENDON AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 08 CV 03287 |
| v. | ) ) | Judge Kennelly |
| CYPRESS PROPERTY INVESTMENTS, LLC, and CYPRESS TRACE CONDOMINIUM ASSOCIATION, INC., | ) ) ) ) ) | Magistrate Judge Brown |
| Defendants. | ) | |

## RESPONSE TO PETITION TO REMAND

Defendants, Cypress Property Investments, LLC and Cypress Trace Condominium Association, Inc. (hereinafter collectively referred to as "Cypress"), by their attorneys, Michael Childress, Edward Eshoo, Jr., and Christina M. Phillips of Childress Duffy Goldblatt, Ltd., for their Response to the Petition to Remand filed by Plaintiff, Clarendon American Insurance Company ("Clarendon"), state as follows:

## INTRODUCTION

Clarendon issued to Cypress a renewal commercial property insurance policy insuring property located in Coral Springs, Florida, effective from August 31, 2005 through August 31, 2006. While the insurance policy was in full force and effect, Cypress sustained damage as a result of Hurricane Wilma. On April 25, 2008, Clarendon filed the above-captioned matter in the Circuit Court of Cook County, seeking a judicial declaration relative to the rights and liabilities of the parties under the insurance policy. On June 6, 2008, within 30 days of being served, Cypress filed its Notice of Removal pursuant to 28 U.S.C. § 1441.

Clarendon has petitioned this Court to remand the matter back to the Circuit Court of Cook County based on the forum selection provision contained in the insurance policy. More specifically, Clarendon has asserted that by virtue of the forum selection clause, venue is only proper in state court, thus entitling it to an award of costs and expenses for the alleged meritless removal to federal court.

As fully set forth within this Response, Clarendon's position is erroneous. The forum selection clause is void and should not be enforced, as it is unreasonable and unjust. Alternatively, to the extent the forum selection clause is held reasonable, the clause does not preclude Cypress from exercising its right of removal to a federal district court located in Cook County. As such, Clarendon's petition should aptly be denied regardless of whether the clause is adjudicated unreasonable and unjust.

## ARGUMENT

### I.   The Forum Selection Clause Is Unreasonable And Unjust.

While it is *prima facie* valid, a forum selection clause will not be enforced if it is shown to be unreasonable and unjust under the circumstances. A forum selection clause should be set aside if: (1) it was procured by fraud, undue influence, or unequal bargaining power; (2) the selected forum is so seriously inconvenient as to deprive the complaining party of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 12-18, 923 S.Ct. 1907, 1914-17 (1972).

The Clarendon forum selection clause is unreasonable and unjust. Foremost, the clause violates Illinois public policy, which favors resolving disputes between parties or events with significant contacts to the State of Illinois. Here, there are no contacts with Illinois. Clarendon

was and is an insurance company with its principal place of business in New Jersey. (*See* Doc. No. 15, ¶ 6). Cypress Trace Condominium Association, Inc. is a Florida corporation. Cypress Property Investments, LLC is a dissolved Florida limited liability corporation. (*See* Doc. No. 15, ¶¶ 7 and 9). And, the physical evidence, the insured premises, was and is located in Coral Springs, Florida. (*See* Doc. No. 1, Exhibit A).

What is more, none of the events or conduct alleged in the complaint occurred in Illinois. Instead, a review of the complaint reveals that the only contact Illinois has with this dispute is the forum selection clause contained in the Clarendon insurance policy. If this case were to be litigated in Illinois, Illinois courts and/or Illinois residents would be asked to decide a dispute that has little or no relationship to Illinois. Thus, Illinois has no interest either in adjudicating this dispute or in applying its law to resolve this controversy. Essentially, we are dealing with a dispute that should be resolved in Florida; but, rather is being litigated in a remote, alien forum which has no connection to the dispute other than the forum selection clause contained within the insurance policy. In short, to allow this matter to be litigated in a forum in which there is no significant relationship between the parties and Illinois would clearly be repugnant to public policy.

In addition to violating public policy, the forum selection clause is also unreasonable, unfair and unjust, as it is the product of unequal bargaining power. The insurance policy was drafted solely by Clarendon. It was not created through negotiation or compromise by parties with equal bargaining power. (*See* the Affidavit of Denise Brugman, attached as Exhibit A). On the contrary, it is the dreaded "contract of adhesion", offered by Clarendon on a take it or leave it basis. As a matter of fact, Cypress was not even provided with a copy of the renewal insurance policy until after it was issued. (*See* Exhibit A). As such, at the time of entering into the

insurance contract, Cypress, which is not a sophisticated commercial business, was unaware of the forum selection clause within the policy. So, to enforce the forum selection provision under these circumstances would be unjust and unreasonable.

Finally, forcing it to litigate this matter in Illinois will be so manifestly and gravely inconvenient to Cypress that it will for all practical purposes effectively be deprived of its day in court. Cypress will be forced to incur significant inconvenience, time, and expense if required to litigate this matter in Illinois. Most, if not all, of the witnesses who will testify on behalf of Cypress are located in Florida. Such witnesses will include residents living at Cypress Trace Condominiums. Most of the residents are between the ages of 20 and 40, and work full time. As such, they would be required to take time off from work to travel to Illinois for depositions and/or trial. (*See* Exhibit A). Consequently, the financial expense which will fall on these residents to travel to Illinois for depositions and/or trial will be huge.

Additionally, Cypress will present evidence on the damages it sustained. (*See* Doc. No. 1, Exhibit A). This testimony will be established through its retained public adjuster, Pete Price of Five Star Claims Adjusting. Mr. Price is also a resident of Florida, requiring Cypress to incur additional expense to have its adjuster travel to Illinois to testify. Moreover, to the extent any inspections of the premises need to be performed, they will have to be conducted in Florida, as it is impossible to conduct such inspections in Illinois.

The Supreme Court forewarned of this situation in *Bremen,* forecasting that a forum selection clause may not be enforced where an agreement between two Americans resolves their essentially local dispute in a remote alien forum. In relevant part, the Supreme Court stated as follows:

> "In such a case, the serious inconvenience of the contractual forum to one or both of the parties might carry greater weight in

4

>determining the reasonableness of the forum clause. The remoteness of the forum might suggest that the agreement was an adhesive one…." *Bremen,* 407 U.S. at 17.

Like the hypothetical contemplated by the Supreme Court, the facts here similarly suggest that the forum selection clause is unreasonable and unjust and should not be enforced. Because of an adhesive forum selection clause, an essentially local Florida dispute is being resolved in the remote alien forum of Illinois, subjecting Cypress and the State of Illinois to incur substantial expenses it would not have to incur if the matter were being litigated in Florida. Accordingly, the Clarendon forum selection clause should be held unreasonable and unjust and, therefore, unenforceable.

## II. The Forum Selection Clause Contained Is Permissive And Does Not Preclude Removal.

Alternatively, to the extent that this Court determines that the Clarendon forum selection clause is reasonable and valid, it is Cypress' position that the clause is permissive and, as such, it does not preclude removal to the United States District Court for the Northern District of Illinois, which is a court located in Cook County, Illinois. It has long been established that personal jurisdiction and venue are discrete concepts that should be kept separate. Thus, when parties to a contract locate jurisdiction in a certain court, it does not necessarily follow that they have agreed to venue only in that court: where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive. *Hull 753 Corp., v. Elbe Flugzeugwerke,* 58 F.Supp.2d 925, 927 (N.D. Ill. 1999). A mandatory forum selection clause contains clear language, such as 'exclusive' or 'only', showing that jurisdiction is appropriate in the designated forum and none other. *See Hunt Wesson Foods,*

*Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77-78 (9th Cir. 1987); *Kachal, Inc. v. Menzie,* 738 F. Supp. 371, 373-374 (D. Kan. 1990).

The forum selection provision of the Clarendon insurance policy provides as follows:

> "At the Company's option, actions arising directly or indirectly from this policy *shall be litigated in courts located within Cook County, Illinois*. Each insured under this policy (including but not limited to the Named Insured) consents to the jurisdiction of such courts and agrees not to contest such choice of forum." (Emphasis added.)

The Northern District of Illinois has been reluctant to impose exclusive forum-selection language where none is included. *See All-Tech Industries, Inc. v. Freitag Eletronic,* 1998 WL 84719 (N.D. Ill) (German clause stating "place of jurisdiction is Bad Segeberg, F.R.G. Only German law is applicable" merely declared consent to venue and jurisdiction and did not compel a German forum); *Pioneer Life Ins. Co. v. Anderson,* 1998 WL 143726 (N.D. Ill.) (clause stating "Winnebago County, Illinois shall be the place of jurisdiction for service and legal purposes" did not compel the action to take place exclusively in Illinois).

Similarly, courts in other jurisdictions have refused to find an exclusive forum selection clause where mandatory language is lacking. *See Regis Assoc. v. Rank Hotels Ltd.,* 894 F.2d 193, 195-96 (6th Cir. 1990) (clause stating that parties "hereby submit to the jurisdiction of Michigan Courts" held to include federal district courts in Michigan); *Links Design, Inc. v. Lahr,* 731 F. Supp. 1535, 1536 (M.D. Fla. 1990) (clause stating that the proper venue for any legal action in connection with agreement "shall be Polk County, Florida" held to include federal district court for the district including Polk County); *International Ass'n of Bridge, Structural and Ornamental Iron Workers v. Koski Constr. Co.,* 474 F. Supp. 370, 371-72 (W.D. Pa. 1979) (clause stating that proper venue for any action for violations of the agreement "shall be in Eire

6

County, Pennsylvania" held to include federal district court for the Western District of Pennsylvania).

In *Continental Casualty Company v. Lasalle Re Ltd.,* 500 F.Supp.2d 991 (N.D. Ill. 2007), the court addressed a similar forum selection clause, and whether it prevented the matter from being removed to federal district court.  In *Continental,* the insurer filed suit in the Circuit Court of Cook County seeking a declaration of its rights and obligations under a release agreement entered into with the defendant.  The defendant then removed the entire case to federal court based on diversity jurisdiction, prompting the plaintiff insurer to file an emergency motion to remand.  The insurer argued that removal was improper because of the forum selection clause contained in the release agreement: "[t]he Parties hereby consent to the jurisdiction of the courts of the State of Illinois, in connection with any legal action arising out of this Agreement".  The district court held that removal was proper because the forum selection clause was not stated as a mandatory venue provision; but, rather was a clause that merely stated that the parties consented to the jurisdiction of the courts of the State of Illinois.

When the forum selection clauses in *Milk 'N' More, Inc., Excell, Inc., Progressive Publications Inc., Sompo Japan Ins., Inc.,* and *Fieldturf USA, Inc.*, cases relied upon by Clarendon, are reviewed it is clear that each clause is distinguishable from the Clarendon forum selection clause.   In each of those cases, the word 'venue' is present in the forum selection clause.  For instance, in *Excell, Inc.,* the forum selection clause at issue stated that "[j]urisdiction shall be in the State of Colorado, and *venue* shall lie in the County of El Paso, Colorado".  In *Milk 'N' More, Inc.,* the forum selection clause stated "*venue* shall be proper under this agreement in Johnson County, Kansas." (Emphasis added).  Likewise, in *Sompo Japan Ins. Inc.,* the forum selection clause said that "*venue* shall be proper in Kane County, Illinois." (Emphasis

7

added.  Based upon the specific language of the forum selection clause, which included the word "venue", the courts in *Excell, Milk 'N' More, Inc.,* and *Sompo* concluded that the language of the forum selection clause was clear and mandatory, precluding removal to federal court.

Unlike the forum selection clause in each of those three cases, the Clarendon forum selection clause does not say "venue" shall lie only in the Circuit Court of Cook County. Moreover, unlike in *Progressive Publications, Inc.* and *Fieldturf USA, Inc.* in which no federal district court sat in the county in which venue was to lie, a federal district court sits in Cook County, thus distinguishing those two cases.

Again, where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.  *Vincent Union, Ltd. v. Copyright Products, Inc.,* 874 F. Supp. 880 (N.D. Ill. 1995).  The Clarendon forum selection clause does not state that "venue is proper *only* in the Circuit Court of Cook County." Nor does it state that actions "shall be litigated *only* in the Circuit Court of Cook County." Quite simply, if Clarendon desired for the Circuit Court of Cook County to be the sole venue for this suit, as the drafter of the insurance policy it could have and should have included language which would lead to such an interpretation.

Clarendon also argues that the phrase "consents to the jurisdiction of such courts and agrees not to contest such choice of forum" indicates that Cypress waived its right to remove the suit to federal district court.  Waiver of the right to remove must be "clear and unequivocal." *Links Design, Inc.,* 731 F. Supp. at 1536.  A general consent to the jurisdiction of a particular court does not adequately demonstrate a waiver of defendant's statutory right to remove. *Continental Cas. Co.,* 500 F. Supp.2d at 995.  The effect of this sentence merely establishes that

8

Cypress agrees not to contest jurisdiction in courts in Cook County, Illinois.  This includes jurisdiction exercised by the United States District Court for the Northern District of Illinois, as this court is located in Cook County, Illinois.  The clause as drafted does not evince by clear and unequivocal language that Cypress waived its statutory right of removal.  *See Regis Associates,* 894 F.2d at 195 ("We find nothing in the language ultimately chosen that suggests any intent on the part of anyone to waive the right of removal from state to federal court.").  If Clarendon had desired for such an effect, then it should have drafted the provision to state "the insured hereby waives any statutory right of removal."

Moreover, when the actual words which comprise the forum selection clause are reviewed, it is clear that the words chosen by Clarendon do not support its contention.  The forum selection clause beings with the phrase: "*at the Company's option.*"  The inclusion of this language suggests that suit could be brought elsewhere.  If the Circuit Court of Cook County was the only court in which suit could be filed, the words "*at the Company's option*" would be unnecessary.  Additionally, Clarendon chose to include the plural of the word "court"; signifying that Cypress agreed not to contest the jurisdiction that multiple courts could exercise over it.  This jurisdiction includes that exercised by the United States District Court for the Northern District of Illinois, a court in Cook County.  The effect of the forum selection clause merely establishes that Cypress consents to the jurisdiction of either the Circuit Court of Cook County, or the District Court for the Northern District of Illinois.

At best, the forum selection clause is ambiguous; it is susceptible to more than one reasonable interpretation.  A forum selection clause is to be treated like any other contractual provision. *Truserv Corp. v. Prices Ilfeld Hardware Co., Inc.,* 2001 WL 1298718 (N.D. Ill.). The construction of insurance policy provisions is a question of law.  In construing an insurance

9

policy, the court must ascertain the intent of the parties to the contract. To ascertain the meaning of the policy's words and the intent of the parties, the court must construe the policy as a whole with due regard to the risk undertaken, the subject matter that is insured, and the purpose of the entire contract. Terms in an insurance contract are to be interpreted in an ordinary or popular sense as would a person of average intelligence and experience. If the meaning of the policy is clear and unambiguous, then it must be applied as written. However, if the words in the policy are susceptible to more than one reasonable interpretation, then they are ambiguous and will be construed liberally in favor of the insured and strictly against the insurer who drafted the policy. Moreover, provisions which grant insurance coverage are interpreted broadly so as to afford the greatest possible protection to the insured, whereas provisions which limit or exclude coverage are interpreted narrowly against the insurer. *See, e.g., Valley Forge Ins. Co. v. Swiderski Electronics, Inc.,* 223 Ill. 2d 352, 362-363, 860 N.E.2d 307, 314 (2006); *American States Ins. Co. v. Koloms*, 177 Ill. 2d 473, 479-480, 687 N.E.2d 72,75 (1997).

In *Truserv,* the district court was faced with determining whether a forum selection clause which stated "[t]his Agreement shall be enforced against [Ilfeld] or [Truserv], only in courts located in Cook County or any Illinois county contiguous to Cook County, Illinois" was ambiguous. The court held that the clause was in fact ambiguous, as it was subject to two reasonable interpretations. The clause could be interpreted to include (1) federal district court for the districts including Cook County; or (2) only state courts located in Cook County. In construing the ambiguity against the drafter, Truserv, the court concluded that the forum selection clause included both state and federal courts. The court went on to state that if Truserv had wanted to preclude its members from being able to sue in federal court, then it should have stated so more clearly.

Similarly here, the forum selection clause is ambiguous as it is subject to two reasonable interpretations.  This is demonstrated by the respective arguments advanced on behalf of Clarendon and Cypress.  The ambiguity of the clause is also demonstrated by the alternative arguments advanced as to the issue of whether Cypress waived its statutory right of removal.  As the drafter of the forum selection clause, any ambiguities in its interpretation should be resolved in favor of Cypress.   All in all, if Clarendon wanted to preclude its insureds from being able to remove an action to federal court, then it should have stated so more clearly.

### III.     Clarendon's Request For Costs And Fees Should Be Denied.

Clarendon requests that this Court enter an order requiring Cypress to pay Clarendon's costs and actual expenses, including attorneys fees, incurred as a result of the removal.  Regardless of this Court's decision on the petition to remand, Clarendon's request should be denied.

In relevant part 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorneys fees, incurred as a result of the removal."  It is well-settled law in Illinois that if the law does not foreclose a defendant's basis for removal, i.e. if a defendant has an objectively reasonable basis for removal, then a district court should not award attorneys' fees.  *See Lott v. Pfizer, Inc.,* 492 F.3d 789 (7th Cir. 2007); *Blankenship v. Bridgestone Americas Holding, Inc.,* 467 F.Supp.2d 886 (C.D. Ill. 2006).

Unlike the defendant in *Excell,* Cypress has a good faith basis for removal as clearly established through the arguments advanced in Section II of this Response.  Accordingly,

regardless of this Court's decision whether to remand the matter to the Circuit Court of Cook County, Clarendon's request for costs and actual expenses should be denied.

## CONCLUSION

For all of the foregoing reasons, Defendants, Cypress Property Investments, LLC and Cypress Trace Condominium Association, Inc., respectfully request that this Court enter an order finding the forum selection clause at issue unreasonable and unjust and, therefore, void and unenforceable. In the alternative, Defendants request that this Court enter an order denying Plaintiff's, Clarendon American Insurance Company, petition to remand and its request for costs and actual expenses.

Respectfully submitted,

**s/ Christina M. Phillips**

One of the Attorneys for Defendants

Edward Eshoo, Jr.
Michael Childress
Christina M. Phillips
Childress Duffy Goldblatt, Ltd.
515 North State Street, Suite 2200
Chicago, Illinois 60610
(312) 494-0200

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record pursuant to ECF as to Filing Users on August 13, 2008.

Heath Sherman
Leahy Eisenberg & Frankel, Ltd.
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60601

**s/ Christina M. Phillips**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| CLARENDON AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | No. 08 CV 03287 |
| v. | ) ) | Judge Kennelly |
| CYPRESS PROPERTY INVESTMENTS, LLC, and CYPRESS TRACE CONDOMINIUM ASSOCIATION, INC., | ) ) ) ) ) | Magistrate Judge Brown |
| Defendants. | ) | |

## AFFIDAVIT OF DENISE BRUGMAN

STATE OF FLORIDA     )
                     ) SS.
COUNTY OF BROWARD    )

Denise Brugman, after first being duly sworn on oath, deposes and states as follows:

1.  My name is Denise Brugman. At all times material herein, I was the President of the Board of Directors of Cypress Trace Condominium Association, Inc. ("Cypress"). All of the statements contained in this affidavit are based upon my personal knowledge, and are being made by me both individually, and in my capacity as President of Cypress.

2.  Cypress Property Investments, LLC turned over control of the association to Cypress Trace Condominium Association, Inc. ("Cypress") in early August, 2005.

3.  At all times material herein, Cypress was and is a Florida corporation, with its principal place of business in Coral Springs, Florida. Cypress is the governing body of Cypress Trace Condominiums, a six building, 54-unit residential condominium development located in Coral Springs, Florida.

4. At the time of the turnover in August, 2005, the commercial property policy insuring Cypress Trace Condominiums was set to lapse on August 31, 2005.

5. Clarendon America Insurance Company renewed the commercial property policy, policy number APX-PROP-00058486, effective August 31, 2005 through August 31, 2006.

6. The Board of Directors of Cypress was not provided with a copy of the renewal policy before August 31, 2005.

7. The Board of Directors of Cypress was not in possession of a copy of the original insurance policy before August 31, 2005.

8. The Board of Directors of Cypress was not made aware of the Forum Selection Provision within the insurance policy before it was issued on August 31, 2005.

9. As the President of the Board of Directors of Cypress I am unaware of any bargaining or negotiations occurring with Clarendon over the terms, provisions and/or conditions of the insurance policy.

10. On October 24, 2005, Hurricane Wilma hit the State of Florida, including Cypress Trace Condominiums, causing damage thereto.

11. Most of the potential witnesses who would testify to the damage caused by Hurricane Wilma are Florida residents. Such witnesses include, but are not limited to, members of the Board of Directors of Cypress, individual unit owners, and Pete Price of Five Star Claims Adjusting.

12. Cypress would incur significant inconvenience, time and expense if required to litigate this dispute in Illinois, as witnesses would be required to travel from Florida to Illinois.

13. The majority of Cypress Trace Condominium residents are between the ages of 20 and 40, and work full time. These residents would be inconvenienced by having to take time off of work to travel to Illinois for depositions and/or trial.

Further affiant sayeth not.

_Denise Brugman_ (signature)
Denise Brugman

Subscribed to and sworn before me
this 13 day of Aug, 2008.

_Samuel J. Martiello Jr._ (signature)
Notary Public

SAMUEL J. MARTIELLO, JR.
MY COMMISSION # DD373051
EXPIRES: February 25, 2009
FL Notary Discount Assoc. Co.
1-800-3-NOTARY