**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CLARENDON AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-cv-03287 |
| | ) | Judge Kennelly |
| CYPRESS PROPERTY INVESTMENTS, LLC. and CYPRESS TRACE CONDOMINIUM ASSOCIATION, INC. | ) | Magistrate Judge Brown |
| | ) | |
| | ) | Removed from |
| | ) | Circuit Court of Cook County |
| Defendants. | ) | Case No. 08 CH 15420 |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF**
**PETITION TO REMAND**

NOW COMES the Plaintiff, Clarendon American Insurance Company (hereinafter "Clarendon"), by and through its attorneys, Leahy, Eisenberg & Fraenkel, Ltd., and for its Reply Brief in Support of its Petition to Remand pursuant to 28 U.S.C. § 1447, states as follows:

**LEGAL ANALYSIS**

**I.        The Forum Selection Clause is Enforceable**

A forum selection clause in a contract is *prima facie* valid and should be enforced unless the opposing party shows that enforcement would be unreasonable under the circumstances. *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 32, 108 S.Ct. 2239 (1988). If the opposing party raises the enforcement of the forum selection clause as a motion to transfer venue pursuant to § 1404(a), then the court must apply the statutory factors of convenience. *Faur v. Sirius International Ins. Corp.*, 391 F.Supp.2d 650, 657 (N.D. Ill. 2005). At times, Cypress' response brief reads as a motion pursuant to § 1404(a); however, there is no such motion pending before this Honorable Court.

When the challenge is brought under other rules, the courts are not necessarily required to apply a § 1404(a) analysis. *Id.* If the issue is raised in a different context, pursuant to a motion to dismiss, or presumably as here, in response to a petition to remand, it becomes a matter of contract law and the forum law will apply. *Id.* Clarendon will address this issue under Illinois state law but submits that the factors under federal law are virtually the same and ultimately lead to the same conclusion. Illinois law governs the issues in this declaratory judgment action and there are sufficient contacts with the state to find the forum selection clause reasonable and enforceable.

Under Illinois law, the party opposing the enforcement of a forum selection clause must show that trial in the contractual forum will be so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court. *Compass Environmental, Inc. v. Polu Kai Services, LLC,* 379 Ill.App.3d 549, 882 N.E.2d 1149 (1ˢᵗ Dist. 2008), citing *Calanca v. D & S Manufacturing Co.,* 157 Ill.App.3d 85, 87-8, 510 N.E.2d 21 (1987). To determine the reasonableness of a forum selection clause, the court should consider: (1) the law that governs the formation and construction of the contract, (2) the residency of the parties, (3) the place of execution and/or performance of the contract, (4) the location of the parties and their witnesses, (5) the convenience to the parties of any particular location, and (6) whether the clause was equally bargained for. *Id.*

The first factor favors Clarendon, as the insurance contract contains a choice of law provision that provides all disputes relating to the parties' obligations under the policy would be governed by the State of Illinois. *Compass Environmental,* 882 N.E.2d at 1156. The second factor is a draw: Clarendon is an insurance company with its principal place of business in New Jersey, while defendants are Florida entities.

2

The third factor favors Clarendon.  In Illinois, a contract of insurance is deemed executed at the place where the last act is done which is necessary to make the same binding upon the parties.  *Hatrliep Transit Co. for Use of Snow, et.al. v. Central Mutual Ins. Co. of Chicago,* 288 Ill.App. 140, 5 N.E.2d 879 (2d Dist. 1936); *Home Insurance Co. v. Maytag Co.*, 1986 WL 15083 (N.D.Ill 1986).  In *Home Insurance*, the last act necessary to make the insurance contract valid and binding was the countersignature of Home's duly authorized representative of the company at the place of issue."  *Id.*  Likewise, Clarendon's underwriter Apex Insurance Managers ("Apex") placed the countersignatures of Clarendon's President, Dr. Detlef Steiner, and Secretary, Gary Ketels, on the subject insurance policy at its office in Chicago, Illinois.  Exhibit "A" - affidavit of Apex's Property Claims Consultant Grailing Brown.  Illinois law governs this action notwithstanding the clear choice of law provision.

In addition to the execution of the contract, performance of the insurance contract also takes place in Illinois.  Mr. Brown's affidavit establishes that the policy was executed and printed in Illinois.  In fact, Apex billed Cypress from Illinois and Cypress mailed payments to Apex in Illinois.  Further, Grailing Brown performs all adjustment of claims and claim handling in Illinois.  This is a declaratory judgment action in a first-party property loss claim, which means that this court will be asked to interpret the insurance contract under Illinois law. It is immaterial that the physical evidence, such as the location of the subject premises, is located in Florida.

The fourth and fifth factors favor Clarendon.  In its response brief, Cypress overstates and exaggerates the inconvenience it believes it will incur should this matter proceed in Illinois.  Cypress stated it intends on presenting evidence on the damages it sustained through testimony from its retained public adjuster, Pete Price of Five Star Claims Adjusting.

Likewise, Clarendon will present evidence from its retained independent adjuster, R.C. Services, Inc.

Both adjusters have examined the subject premises making any further inspection unlikely. Further, Clarendon is unaware of any case law that finds a forum selection clause unenforceable merely because the parties' experts are from out-of-state. Additionally, it is highly unlikely that Denise Brugman, or any other property owner, will need to travel to Illinois for this case because the public adjuster is presumably the united "voice" for Cypress. In the event a deposition of one or two homeowners becomes necessary, there is no reason why that may not be done by evidence deposition in Florida.

Finally, the only other person who is likely to testify is Grailing Brown of Apex, who is located in Chicago, Illinois. Even assuming that defendant will suffer some inconvenience by litigating this case in Illinois, "relative inconvenience has been routinely rejected as a basis for voiding forum selection clauses." *Compass,* 882 N.E.2d at 1157, *citing Dace International, Inc. v. Apple Computer, Inc.*, 275 Ill.App.3d 234, 239, 655 N.E.2d 974 (1995). Cypress has not established that litigating in Illinois would be so serious a hardship that it would have to abandon its defense.

The sixth factor favors Clarendon. Cypress argues that the forum selection clause was a part of the "dreaded contract of adhesion" with the developer and that at the time of the turnover to the condominium association, the board of directors was unaware of the terms of the insurance contract. Clarendon and the Defendant, Cypress Property Investments, LLC were business entities that entered into the subject insurance contract. It is inconceivable that Cypress Property would not have provided the insurance policy to the Condominium Association. Further, Cypress Trace is a business entity, not an ordinary consumer, who has

constructive notice of the terms of the insurance policy. Cypress is charged with reading its own policy prior to the incident and was free to contact Clarendon, had it done so, to express any concerns.

There is no reason to find the forum selection clause unreasonable, unjust or unenforceable pursuant to Illinois law. For the above stated reasons, there are sufficient contacts with Illinois even if this Court were to conduct its analysis pursuant to § 1404(a). It cannot be said that (1) the clause was procured by fraud, undue influence or unequal bargaining power, (2) that the forum is so seriously inconvenient as to deprive Cypress of its day in court, or (3) that enforcement of the clause would violate Illinois public policy. Accordingly, this Court must enforce the forum selection clause of the insurance policy either under Illinois law or pursuant to § 1404(a).

## II.    The Forum Selection Clause Is Mandatory

It is well settled that contractual forum selection clauses are *prima facie* valid and that interpretation of such a clause in a diversity case is a matter of federal law. *Vijuk Equip. Corp. v. Gukfalzmaschinen Greisser & Kunzmann, GmbH & Co.,* 902 F. Supp. 162, 163-4 (N.D.Ill. 1995). When construing a contract, every provision should be given effect and the words should be read with their ordinary meaning. *Trader, Inc. v. Hernola Commodities, Inc.,* 766 F.2d 1007, 1014 (7th Cir.).

This Court must determine whether the language used in the forum selection clause is permissive or mandatory. If a forum selection clause specifies venue in obligatory language then it will be enforced as a mandatory provision on venue. However, if the clause merely specifies a jurisdiction then it is interpreted as permissive, giving the parties only a choice in

venue. *See Paper Express, Ltd. v. Pfankuch Maschinen GmbH,* 972 F.2d 752, 755 (7th Cir. 1992).

When a forum selection clause is prefaced with the language "shall be" this is an indication that venue is exclusive. *Id.; Calanca v. DNS Mfg. Co.,* 157 Ill.App.3d 85, 86, 510 N.E.2d 21, 22 (1st Dist. 1987). The forum selection clause at issue contains the language "shall be litigated" and is therefore a mandatory provision. Cypress simply ignores this language. There is certainly no case law that requires Clarendon to use the term "only" rather than "shall" as Cypress argues on page 8 of its response brief.

Cypress makes the argument that the forum selection clause does not state a venue because it doesn't use the word "venue." This distinction is not supported by any case law. In fact, examination of applicable case law supports Clarendon's position that the phrase "shall be litigated in courts located within Cook County, Illinois" refers to venue.

In *Paper Express*, although the forum selection clause did not specifically use the word "venue," the court held that the terms "all disputes" and "shall be filed" clearly manifested an intent to make venue compulsory and exclusive. *Paper Express,* 972 F.2d at 756. In *Gordonsville Industries v. American Artos Corp.,* 549 F. Supp. 200, 204 (W.D. Va 1982), the Court ruled that the forum selection clause that stated "the place for litigation shall be the [civil court] in Bochum, Germany" was mandatory even absent the word "venue." Likewise, in *Hoes of Am., Inc. v. Hoes,* 493 F. Supp. 1205, 1206 (C.D. Ill. 1979), the court found a forum selection clause that stated, "any court procedures shall be held in Bremen" to be a mandatory provision.

Regardless of whether the forum selection clause states "venue," "litigated," "court proceedings," or "forum" the clause is mandatory if it contains the word "shall." Cypress'

position to the contrary is unsupported by case law and made only to confuse the issues before this Court.

On page 9 of its response brief, Cypress argues that the forum selection clause is permissive by virtue of language that states "at the Company's option." Cypress does not cite to any cases to support this position, probably because this argument is unsupported by case law. Case law supports Clarendon's position. The presence of such language does not render an otherwise mandatory provision permissive. *See Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 376-77 (7th Cir. 1990); *Dev Industries, Inc. v. NPC, Inc.*, 763 F.Supp. 313 (N.D.Ill. 1991); *Illinois Blower v. Deltak*, LLC, 2004 WL 765187 (N.D.Ill. 2004). In fact, as shown later in this brief, this exclusive option is required language for there to be a valid waiver of Cypress' right to remove this action to federal court.

### III.    The Forum Selection Clause prohibits removal to federal court

The pivotal issue for purposes of deciding the Petition to Remand is that when a contract contains a mandatory forum clause where the parties agree that actions shall be litigated in "courts located within" a particular county, is venue only proper in state court or can proper venue lie in a federal court that sits in that county? Clarendon asserts that venue is only proper in state court, and alternatively, Cypress has waived its right to remove the matter from state to federal court.

The Seventh Circuit has not addressed this issue directly. However, other Circuit Courts of Appeals and district courts within the Seventh Circuit, including this court, have interpreted forum selection clauses similar to the one here and concluded that where a forum selection clause specifies venue in a certain county, venue does not extend to the court of the

federal judicial district in which that county lies or to the federal district court specifically sitting in that county.

For purposes of this reply brief, Clarendon will rely on the cases cited in its Petition to Remand.   Cypress' response brief does not cite to any binding precedent that requires this Court to conclude that removal to federal court is appropriate.   Quite frankly, both parties have submitted only non-binding, persuasive authority to convince this Court of their respective positions and there are no additional arguments that can be made short of a ruling by the Seventh Circuit.

At the initial status conference, this Court asked the parties to de-emphasize this issue. Instead, the Court requested that the parties focus on the second sentence of the forum selection clause, which states that the insured "consents to the jurisdiction of such courts *and agrees not to contest such choice of forum*." (emphasis added).   Even if this Court finds that Clarendon had the exclusive option of filing in state *or* federal court in Cook County, Illinois, Cypress' attempt to remove this case to federal court amounts to a challenge of Clarendon's choice of filing in state court and must be rejected pursuant to the express language of the forum selection clause.

Cypress suggests that the right to remove can be waived only if such waiver is "clear and unequivocal." *Regis Associates v. Rank Hotels (Management) Ltd.,* 894 F.2d 193, 195 (6th Cir. 1990).   In reality, there appears to be some confusion in the circuits about whether a contractual waiver of the right to remove must be "clear and unequivocal." *Snapper, Inc. v. Redan,* 171 F.3d 1249, 1261 (11th Cir. 1999).   The Eleventh Circuit adopted the Third Circuit's decision in *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1217 (3d Cir. 1991), that

applied the "clear and unequivocal" standard to litigation-based waivers only; reserving application of ordinary principles of contract interpretation to contractual-based waivers.

The Seventh Circuit has not addressed this particular issue. Although Clarendon disagrees with Cypress' statement of the law, it does not appear that these differences are outcome determinative. Under either standard, Cypress has waived its right to remove this action from state court.

Cypress cited to *Regis Associates, Links Design, Inc. v. Lahr, 731 F.Supp. 1535* (M.D. Fla. 1990) and *Continental Casualty Co. v. LaSalle Re Ltd.*, 500 F.Supp.2d 991 (N.D. Ill. 2007) for the proposition that a general consent to jurisdiction of a particular court does not adequately demonstrate a waiver of defendant's statutory right to remove. The forum selection clauses in these cases did not contain any language beyond a general consent to jurisdiction. Accordingly, none of these cases can truly guide this Court in its analysis. Cypress does not provide any further analysis in its response brief.

If the forum selection clause at issue were strictly limited to such a general consent to jurisdiction, Cypress would be correct. Instead, the clause at issue contains additional pertinent language that forum is "[a]t the Company's option" and that the insured "agrees not to contest such choice of forum." In other words, Cypress cannot contest or challenge Clarendon's choice of state or federal court in Cook County, Illinois.

This additional language is exactly what courts look for when concluding that there is a waiver of the right to remove. In *Continental Casualty*, the court cited to *Oberweis Dairy, Inc. v. Maplehurst Farms, Inc.*, 1989 WL 2078 (N.D.Ill. 1989), which stated that to constitute a waiver of the right to remove, the forum selection clause needed to "vest in the plaintiff the

right to choose a particular court" and "bind the defendant to the plaintiff's choice of forum." The forum selection clause at issue meets this standard.

In *Euzzino v. London & Edinburgh Ins. Co.*, 228 F.Supp. 431 (N.D.Ill. 1964), the court found a waiver of the right to remove the case when the insurer added the words "at the request of the assured" and references to (1) complying with all requirements necessary to give such court jurisdiction; (2) having all matters determined in accordance with the law and practice of such court; and (3) agreeing to abide by the final decision of such Court. The "such court" was the court selected by the Assured. *Id*. The Court reasoned that the waiver was a foregone conclusion. A ruling to the contrary would render the additional language as mere surplusage.

The forum selection clause at issue in this case is more than a geographical limitation for jurisdiction in that it vests in Clarendon the exclusive right to choose a particular court. *Newman/Haas Racing v. Unelko Corp.,* 813 F.Supp. 1345, 1348 (N.D. Ill. 1993). That choice is binding on Cypress in that it cannot "contest" Clarendon's choice.

On page 9 of its response brief, Cypress argues that Clarendon could have drafted the provision to state, "the insured hereby waives any statutory right of removal." While that certainly would be the most direct approach, the cases cited above do not require that level of clarity.

The language in the subject clause is clear that Cypress cannot challenge Clarendon's selection of forum in the Circuit Court of Cook County. Even if the Court finds this to be a close call, "all doubts about the propriety of removal are to be resolved in favor of remand." *Disher v. Citigroup Global Mkts, Inc.,* 487 F.Supp.2d 1009, 1014 (S.D.Ill. 2007). This matter should be remanded.

WHEREFORE, the Plaintiff, Clarendon American Insurance Company, requests that this Honorable Court enter an order remanding this matter back to the Circuit Court of Cook County, Illinois and ordering the Defendants, Cypress Property Investments, LLC and Cypress Trace Condominium Association, Inc., to pay Clarendon's attorneys fees and costs resulting from removal of this action.

Dated this 27nd day of August, 2008.

Respectfully submitted,

By:   s/ Heath Sherman
      Heath Sherman

Attorney for CLARENDON AMERICAN
INSURANCE COMPANY

Heath Sherman
LEAHY, EISENBERG & FRAENKEL, LTD.
33 W. Monroe Street, Suite 1100
Chicago, Illinois 60603-5317
(312) 368-4554
(312) 368-4562 Fax
ARDC No. 6238084
E-Mail: hs@lefltd.com

## CERTIFICATE OF SERVICE

I hereby certify that on **August 27, 2008**, I caused to be filed, electronically, the foregoing document with the Clerk of the United States District Court, Northern District of Illinois for the Eastern Division, using the CM/ECF system, which sent a Notice of Electronic Filing to all CM/ECF Registered Participants on **August 27, 2008**.

| | |
|---|---|
| Michael Childress<br>Childress Duffy Goldblatt, Ltd.<br>515 N. State Street, Suite 2200<br>Chicago, IL  60610<br>(312) 494-0200<br>ID Number: 6180488 | |

Email:  mchildress@childresslaw.net
***Attorney for Cypress Trace Condominium
Association, Inc.***

Edward Eshoo, Jr.
Childress Duffy Goldblatt, Ltd.
515 N. State Street, Suite 2200
Chicago, IL  60610
(312) 494-0200
ID Number: 6190179
Email:  eeshoo@childresslawyers.com
Email:  docketclerk@childresslawyers.com
***Attorney for Cypress Trace Condominium
Association, Inc.***

Christina M. Phillips
Childress Duffy Goldblatt, Ltd.
515 N. State Street, Suite 2200
Chicago, IL  60610
(312) 494-0200
ID Number:  6287091
Email:  cphillips@cdglawyers.com
Email:  docketclerk@cdglawyers.com
***Attorney for Cypress Trace Condominium
Association, Inc.***

/s/ Heath Sherman
Heath Sherman
Leahy, Eisenberg & Fraenkel, Ltd.
33 West Monroe Street, Suite 1100
Chicago, IL 60603
Phone: (312) 368-4554
Fax: (312) 368-4562
E-mail: hs@lefltd.com
IL ARDC # 6238084

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CLARENDON AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 08-cv-03287 Judge Kennelly |
| CYPRESS PROPERTY INVESTMENTS, LLC. and CYPRESS TRACE CONDOMINIUM ASSOCIATION, INC. | ) ) ) | Magistrate Judge Brown |
| | ) ) | Removed from Circuit Court of Cook County |
| Defendants. | ) | Case No. 08 CH 15420 |

### AFFIDAVIT OF GRAILING D. BROWN

Grailing D. Brown, after first being duly sworn on oath, deposes and states as follows:

1.      My name is Grailing D. Brown.  At all times material herein, I was a Property Claim Consultant for Apex Insurance Managers, LLC (hereinafter "Apex").

2.      All of the statements contained in this affidavit are based on my personal knowledge and are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

3.      I have read Clarendon's Complaint for Declaratory Judgment and am familiar with the factual allegations contained therein.

4.      Apex was the underwriter and program manager for Clarendon America Insurance Company.

5.      My office at Apex is located at 200 West Monroe Street, Suite 1800, Chicago, Illinois 60606.



EXHIBIT
A

6.    The insurance policy at issue in this declaratory judgment action is a Clarendon commercial property policy, policy number APX-PROP-00058486, with an effective period from August 31, 2005 through August 31, 2006 (hereinafter "the Clarendon policy").

7.    Apex placed the countersignatures of Clarendon's President, Dr. Detlef Steiner, and Secretary, Gary Ketels, on the Clarendon policy at its office in Chicago, Illinois.

8.    Apex printed and mailed the policy and all pertinent renewals to Defendants from its office in Chicago, Illinois.

9.    Apex generated all billing documents and mailed the bills to Defendants from its office in Chicago, Illinois.

10.    Apex received premium payments from Defendants at its office in Chicago, Illinois.

11.    I have performed or otherwise requested all adjusting or field claims handling on this case from my office in Chicago, Illinois.  This included numerous telephone calls and letters received from Cypress Trace's public adjuster.

12.    The copy of the policy attached to the Complaint was certified at the Apex office in Chicago, Illinois.

NO FURTHER TEXT ON THIS PAGE

Further affiant sayeth not.

_Grailing D. Brown_

Grailing D. Brown

**STATE OF Illinois** $\Big\}$ SS.

**COUNTY OF Cook**

> OFFICIAL SEAL
> BRENDA J KINDERIS
> NOTARY PUBLIC - STATE OF ILLINOIS
> MY COMMISSION EXPIRES:08/09/09

On this 27ᵗʰ day of August, before me personally appeared Grailing D. Brown, personally known to me to be the person described herein, and who executed the foregoing instrument and who acknowledged that Grailing D. Brown voluntarily executed same.

_Brenda J. Kinderis_
Notary Public

**SUBSCRIBED** and **SWORN** to before me this

27ᵗʰ day of August 2008

3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CLARENDON AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | CASE NUMBER:  08 CV 03287 |
| | ) | |
| vs. | ) | ASSIGNED JUDGE:  Matthew F. Kennelly |
| | ) | |
| CYPRESS PROPERTY INVESTMENTS, | ) | DESIGNATED |
| LLC, and CYPRESS TRACE CONDOMINIUM | ) | MAGISTRATE JUDGE: |
| ASSOCIATION, INC., | ) | Geraldine Soat Brown |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

To:     See Attached Service List

     **PLEASE TAKE NOTICE** that on **August 27, 2008,** I electronically filed the foregoing **Plaintiff's Reply Brief in Support of Petition to Remand** with the Clerk of the United States District Court, Northern District of Illinois for the Eastern Division, using the CM/ECF system, that I have served all CM/ECF Registered Participants as reflected on the Notice of Electronic Filing on **August 27, 2008**.

                            By:     s/ Heath Sherman
                                    Heath Sherman

                            One of the Attorneys for Plaintiff,
                            CLARENDON AMERICAN INSURANCE
                            COMPANY

                            LEAHY, EISENBERG & FRAENKEL, LTD.
                            33 W. Monroe Street, Suite 1100
                            Chicago, Illinois  60603-5317
                            ARDC No.:   6238084
                            E-Mail:  hs@lefltd.com

F:\Case\015501\12924\NOF-FEDERAL-04.doc

## <u>SERVICE LIST</u>

Michael Childress
Childress Duffy Goldblatt, Ltd.
515 N. State Street, Suite 2200
Chicago, IL  60610
(312) 494-0200
ID Number: 6180488
Email:  mchildress@childresslaw.net
***Attorney for Cypress Trace Condominium Association, Inc.***

Edward Eshoo, Jr.
Childress Duffy Goldblatt, Ltd.
515 N. State Street, Suite 2200
Chicago, IL  60610
(312) 494-0200
ID Number: 6190179
Email:  eeshoo@childresslawyers.com
Email:  docketclerk@childresslawyers.com
***Attorney for Cypress Trace Condominium Association, Inc.***

Christina M. Phillips
Childress Duffy Goldblatt, Ltd.
515 N. State Street, Suite 2200
Chicago, IL  60610
(312) 494-0200
ID Number:  6287091
Email:  cphillips@cdglawyers.com
Email:  docketclerk@cdglawyers.com
***Attorney for Cypress Trace Condominium Association, Inc.***